[Civ. No. 13469.   First Dist., Div. One.   Mar. 24, 1948.]

JACK TAYLOR, Respondent, v. LOYD WRIGHT et al., as Members of the California Horse Racing Board, Appellants.

Fred N. Howser, Attorney General, and Walter L. Bowers, Assistant Attorney General, for Appellants.

Harrison W. Call for Respondent.

WARD, J.—This appeal raises the same question involved in *Sandstrom* v. *California Horse Racing Board*, 31 Cal.2d 401 [189 P.2d 17], namely, the validity of rule 313 of the Rules of Racing of the California Horse Racing Board (tit. 4, Cal. Adm. Code, § 1930) which provides in part: "The trainer shall be the absolute insurer of and responsible for the condition of the horses entered in a race, regardless of the acts of third parties.   Should the chemical . . . or other tests, prove positive, showing the presence of any narcotic . . . or drug of any kind or description, the Trainer of the horse may be suspended or ruled off . . . in the discretion of the Board."

As in the Sandstrom case the present appeal is prosecuted by the members of the California Horse Racing Board from

a judgment in a mandamus proceeding ordering them to restore to the trainer the full enjoyment of his license which the board had suspended on the ground of violation of said rule 313.

Respondent's petition for mandate filed in the lower court shows that on May 16, 1946, he was a duly licensed race horse trainer of a horse named "Red Beard"; that at a hearing held said day the racing steward of one of the California race tracks informed him that the urine test taken from "Red Beard" on May 10, 1946, after winning a race at the track, had reacted positively to a benzedrine test showing the presence of benzedrine in the urine of said horse; that on June 14, 1946, a notice of time and place of hearing from the secretary of the California Horse Racing Board was mailed respondent notifying him that a hearing would be held on June 24, 1946, to determine whether his license should be suspended or revoked upon the ground that the analysis of urine taken from the horse, after running in the race, proved positive, showing the presence of benzedrine (amphetamine), and that said horse had "been trained by you at said time and place in violation of Rule 313 of the Rules of Racing adopted by the California Horse Racing Board." Pursuant to the notice a hearing was conducted. On July 26, 1946, the commission ordered the trainer's license suspended for a period of six months from May 16, 1946, and on August 1, 1946, notice of this action was mailed him, stating: "The grounds for such action are that you violated Rule #313 of the Rules of Racing of the California Horse Racing Board."

Attached to respondent's petition was a transcript of testimony taken at the June 24, 1946, hearing; whereas, attached to appellant's amendment to answer and return to alternative writ of mandate and to petition for writ of mandate, was a transcript of proceedings before the steward representing the board on May 16, 1946.

Neither before the lower court nor this court has it been disputed that respondent was trainer of the horse nor that the analysis of urine taken from the horse showed the presence of benzedrine. Thus the only factual elements which must exist to bring rule No. 313 of the Rules of Racing into operation (*Sandstrom* v. *California Horse Racing Board, supra,* p. 405) are present. The trial court reached the conclusion that "Rule 313 of the Rules of Racing so far as it purports to make the trainer or the owner or any other persons the abso-

lute insurer of and responsible for the condition of the horses entered in a race regardless of the acts of third parties is invalid and beyond the power of the respondents, and respondent board to make and enforce.''

Irrespective of the views of any one or more of the three justices of this court (see dissenting opinions in *Sandstrom* v. *California Horse Racing Board, supra,* the trial court's conclusion is not the law of California. The majority opinion in the Sandstrom case held (pp. 412, 413) : ''. . . it is not unreasonable, arbitrary or capricious to provide that the trainer guarantee the condition of a horse running in a race upon the results of which there is wagering.'' ''The delegation of authority here considered has constitutional support.''

In view of the foregoing, other points raised by appellants need not be considered. The judgment of the superior court in the mandamus proceeding is hereby reversed.

Peters, P. J., and Bray, J., concurred.